IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | : | |
| | : | Case No. 2:12-CV-214 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| RPM MANAGEMENT COMPANY, LLC., | : | Magistrate Judge E. P. Deavers |
| et al. | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on the Plaintiff's Motion for Default Judgment (Dkt. 16). Plaintiff is a distributor of sports and entertainment programming.  Defendant RPM Management Company, LLC. ("RPM") is an alter ego Ozone Sports Bar, located in Worthington, Ohio. Defendant Lokar is also an alter ego of Ozone Sports Bar.  On March 13, 2010, without Plaintiff's permission, Defendants exhibited a boxing match to which Plaintiff retained the commercial exhibition license.  Defendants intercepted the transmission of the boxing match, though Plaintiff adduces no evidence to allow the Court to determine whether Defendants intercepted the satellite signal or a line cable.  Plaintiff's affidavits and exhibits demonstrate that Defendants intercepted and exhibited the program "willfully and for purposes of direct or indirect commercial advantage or private financial gain."

Plaintiff filed Complaint against Defendants in this Court on March 12, 2012.  (Dkt. 1) Complaint sought to recover under both 47 U.S.C. § 605 and 47 U.S.C. § 553.  Defendant RPM's Summons was executed on March 28, 2012.  (Dkt. 6)  Defendant Mark Lokar's Summons was subsequently executed on May 29, 2012.  (Dkt. 13)  As of this date, Defendants have not responded, nor entered any appearance before this Court in connection with this matter.

The time to respond has long since elapsed, as the deadline for Defendants' initial answer was April 2, 2012.

On June 14, 2012, the Clerk entered default against Defendants (Dkt. 15).  Plaintiff then moved for default judgment under Rule 55(b).  Plaintiff adduced uncontested evidence of the Defendants' violation.  The nature of the offense, intercepting a pay-per-view program and exhibiting it to the public, creates numerous uncertainties which frustrate attempts to calculate actual damages.  For that reason, both 47 U.S.C. § 605 and 47 U.S.C. § 553 allow the aggrieved party to elect a statutory damages remedy, which Plaintiff has elected.  The sole question is whether Plaintiff, as it contends, should be awarded damages under both 47 U.S.C. § 605 and 47 U.S.C. § 553.

This Court has already decided that question in another case against Defendant RPM.  In *Joe Hand Promotions, Inc. v. RPM Management Co., LLC.*, 2:09-CV-553, 2011 WL 1043560 (S.D. Ohio Mar. 18, 2011), the Court held that "[w]hen a defendant is liable under both 47 U.S.C. § 605 and 47 U.S.C. § 553, [] the plaintiff may recover under only one section."  In that case, as in the instant case, the evidence did not allow the court to determine "whether [d]efendant appropriated [p]laintiff's signal through a satellite device or a cable service."  *Id*.  This case is indistinguishable, so it is appropriate to "impose the lesser statutory violation pursuant to 47 U.S.C. § 553, along with reasonable attorneys' fees."  *Id*.

In *Joe Hand Promotions* this Court declined to impose damages up to the statutory limit.  Since Defendants have engaged in the same tortious conduct yet again, and this time failed to enter any appearance before the Court, it is clear that the penalty previously imposed was insufficient to deter Defendants' conduct.  Thus, the Court awards Plaintiff the statutory maximum of $10,000.00 per violation for the one violation alleged.

47 U.S.C. § 553(b)(3)(A)(ii).  Additionally, the Court awards Plaintiff maximum enhanced damages of $50,000.00 in view of the uncontroverted evidence that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 553(b)(3)(B).  The Court also awards Plaintiff reasonable costs and attorneys' fees of $1,650.00.

For the foregoing reasons, Plaintiff's Motion for Default Judgment is, hereby, **GRANTED**.  The Court **ORDERS** that judgment be entered against Defendants RPM and Mark Lokar in the total amount of $61,650.00.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**Algenon L. Marbley**
**United States District Court Judge**

**DATED:  March 4, 2013**